# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MIX, | Case No. 1:15-cv-01060 DLB PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| RUBEN ROSALEZ, et al., | |
| Defendants. | |

## I.     Screening Requirement and Standard

Plaintiff Robert Mix, a state civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 10, 2015. He consented to the jurisdiction of the Magistrate Judge on July 22, 2015.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.     Discussion**

    **A.     Plaintiff's Allegations**

Plaintiff was detained at Coalinga State Hospital ("CSH") at the time the events giving rise to this action occurred. Plaintiff brings this action against the following Defendant: Ruben Rosalez, Regional Administrator of the Wage and Hour Division at the U.S. Department of Labor.

Plaintiff alleges as follows. Prior to filing this action, he had been working as a janitor at CSH for nearly three years. In late March of 2015, a formal complaint was filed with the U.S. Department of Labor for all 700 patients at CSH who are not receiving federal minimum wage requesting that they be paid minimum wage under the Fair Labor Standards Act ("FLSA"). Plaintiff claims he is not a prison inmate but he is wrongly considered such by the U.S. Department of Labor. Plaintiff states he is a civil detainee and therefore should be entitled to federal minimum wage like any other federal employee. Plaintiff requests an order from the Court

2

directing the Department of Labor to consider him an employee, as well as an order directing CSH to comply with the FLSA by paying appropriate wages.

### B.    Plaintiff's Wage Claim

Plaintiff claims the wages he has been receiving violate the FLSA, the Thirteenth Amendment, and the Fourteenth Amendment.

*1. FLSA*

The FLSA was enacted in 1938. It requires employers to pay employees a minimum hourly wage and overtime pay. 29 U.S.C. §§ 201-219 (1988). Its essential purpose is to provide for workers a "minimum standard of all living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. If the prisoner's sentence compels the work and the prisoner's custodian sets the wages, the Fair Labor Standards Act does not protect the prisoner. *Henthorn v. Dept. of Navy,* 29 F.3d 682 (D.C.Cir.1994).  Thus, to the extent that Plaintiff has been compelled to work as a part of his commitment, he is not entitled to a minimum hourly wage.

The Supreme Court, in a non-prisoner case, has articulated an "economic reality test" to be considered in deciding if an employee-employer relationship exists. In *Goldberg v. Whitaker House Coop.,* 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100, (1961), the Court held that a determination under the FLSA of whether an employment relationship exists should be based on the "economic reality" of the employment situation. The Court did not specify the factors to be weighed in this evaluation.

The Ninth Circuit, in deciding if an employer-employee relationship exists, has applied an "economic reality" test which identifies four factors:

> whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

*Gilbreath v. Cutter Biological, Inc.,* 931 F.2d 1320, 1324 (9th Cir.1991).  The proper starting point in a case such as this is the state's complete control over its inmates. Where the state provides the inmates' food, shelter, and clothing, gives permission for a prisoner to be allowed the privilege of working, the state's absolute power over the inmate is a power that is not a characteristic of - and

indeed is inconsistent with - the bargained-for exchange of labor which occurs in a true employer-employee relationship. Plaintiff has stated no economic need for the FLSA. Plaintiff has not stated facts to address any of the above factors. Plaintiff thus fails, and appears unable, to state a cognizable wage claim under the FLSA.

### 2. *Thirteenth Amendment*

The law is clear that prisoners may be required to work and that any compensation for their labor exists by grace of the state. *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir.1992) (citing *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir.), *cert. denied*, 375 U.S. 915, 84 S.Ct. 214, 11 L.Ed.2d 153 (1963); *Sigler v. Lowrie*, 404 F.2d 659 (8th Cir.1968), *cert. denied*, 395 U.S. 940, 89 S.Ct. 2010, 23 L.Ed.2d 456 (1969)). The Court was unable to find any case authority to justify a digression from this well-established law when the case involves a detainee rather than a prisoner. Further, Plaintiff's factual allegations do not show that he is forced to hold a job at CSH. Rather his facts imply that inmates involved in treatment are allowed to participate in vocational training/placement.  Plaintiff is unable to state a cognizable claim that he is being forced into involuntary servitude in violation of the Thirteenth Amendment.

### 3. *Fourteenth Amendment*

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process as to his wages, or lack thereof.  "To establish a violation of substantive due process ..., a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir.1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 520 U.S. 1240, 117 S.Ct. 1845, 137 L.Ed.2d 1048 (1997); *County*

*of Sacramento v. Lewis*, 523 U.S. 833, 842, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Plaintiff has not alleged any facts that would support a claim that his rights under the substantive component of the Due Process Clause were violated by the wages he received.

### III.   Conclusion and Order

For the reasons set forth above, Plaintiff's complaint fails to state any cognizable claims under section 1983.  Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr*, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims;

2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.    Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint, not to exceed twenty-five (25) pages, excluding exhibits; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this

5

1  action will be dismissed, with prejudice, for failure to state a claim.

3  IT IS SO ORDERED.

4  Dated:   **May 17, 2016**                              **/s/ Sandra M. Snyder**
                                                  UNITED STATES MAGISTRATE JUDGE